UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| **R. ALEXANDER ACOSTA**, Secretary of Labor, U.S. Department of Labor, | : : : : : | Case No.    3:17-cv-2031 |
| Plaintiff, | : : | Judge: |
| v. | : : : | |
| **HAVERHILL PETROLEUM, LLC** and **BASAM A. SAYED**, | : : : : | |
| Defendants. | : : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## COMPLAINT

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain Defendants, Haverhill Petroleum, LLC and Basam A. Sayed, a/k/a Ben Sayed (collectively, "Defendants"), from violating the provisions of sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 *et seq.*) (hereinafter "the Act" or "FLSA"), pursuant to section 17 of the Act; and to recover unpaid minimum wage and overtime compensation owing to Defendants' employees, as hereinafter prayed for, pursuant to section 16(c) of the Act.

### Jurisdiction and Venue

1. Jurisdiction of this action is conferred upon the Court by sections 16(c) and 17 of the Act and 28 U.S.C. § 1345.

2. Venue of this action lies in the Northern District of Ohio, Western Division, Toledo, pursuant to 29 U.S.C. § 1391(b) and L.R. 3.8 because: (1) one or more Defendants

1

resides within this district and division and all defendants are residents of this State; and (2) a substantial part of the events or omissions giving rise to the claim occurred within this district and division.

## Defendants

3. Defendant Haverhill Petroleum, LLC is an Ohio limited liability company that operates a gas station and convenience store at 3819 Haverhill Drive, Toledo, Ohio, within this district and division.

4. Defendant Basam A. Sayed, a/k/a Ben Sayed, is an individual who resides in Maumee, Ohio, within this district and division. Mr. Basam is the sole and managing member of Haverhill Petroleum, LLC, and acted directly or indirectly in its interest in relation to its employees by exercising operational control over that entity. Mr. Bassini, therefore, is an employer within the meaning of section 3(d) of the Act.

5. Defendants are and, at all times hereinafter mentioned, were engaged in related activities performed through unified operation or common control for a common business purpose, and, at all times hereinafter mentioned, were an enterprise within the meaning of section 3(r) of the Act.

6. Defendants are and, at all times hereinafter mentioned, were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act, in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

## First Cause of Action
### (Failure to Pay Minimum Wages in Violation of the FLSA)

7. Defendants have repeatedly and willfully violated the provisions of sections 6 and 15(a)(2) of the Act by paying their employees wages at a rate less than $7.25 per hour in workweeks when said employees were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act. These violations resulted from taking deductions from employees' wages, which reduced said employees' wages below the minimum wage.

## Second Cause of Action
### (Failure to Pay Overtime Wages in Violation of the FLSA)

8. Defendants have repeatedly and willfully violated the provisions of sections 7 and 15(a)(2) of the Act, by employing their employees, who in workweeks were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty (40) hours without compensating said employees for their employment in excess of forty (40) hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed. These violations resulted from paying employees their regular hourly rate for overtime hours.

## Third Cause of Action
### (Failure to Make, Keep, and Preserve Required Records in Violation of the FLSA)

9. Defendants, employers subject to the provisions of the Act, repeatedly and willfully violated the provisions of sections 11(c) and 15(a)(5) of the Act by failing to make, keep, and preserve adequate and accurate records of employees and the wages, hours, and other conditions and practices of employment maintained by them as prescribed by

regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. § 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek.

## BASIS FOR RELIEF

10. During the period since January 2015, Defendants have repeatedly and willfully violated the provisions of the Act as set forth above.

11. Pursuant to section 17 of the Act, the Secretary may bring an action to enjoin and restrain such violations, including the restraint of any withholding of payment of unpaid minimum wage and overtime compensation found by the Court to be due.

12. Pursuant to section 16 of the Act, the Secretary may bring an action to recover the amount of unpaid minimum wages and/or overtime compensation found to be due and an equal amount as liquidated damages.

## PRAYER FOR RELIEF

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

A. For an Order pursuant to section 17 of the Act, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the Act; and

B. For an Order:

1. pursuant to section 16(c) of the Act, finding Defendants liable for unpaid minimum wage and overtime compensation due Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit A (additional back wages may be owed to

employees presently unknown to Plaintiff and/or to employees listed in the attached Exhibit A for periods of time other than the periods listed); or, in the event liquidated damages are not awarded,

2. pursuant to section 17, enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from withholding payment of unpaid minimum wage and overtime compensation found due their employees listed in the attached Exhibit A (additional back wages may be owed to employees presently unknown to Plaintiff and/or to employees listed in the attached Exhibit A for periods of time other than the periods listed) and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

C. For an Order awarding Plaintiff the costs of this action; and

D. For an Order granting such other and further relief as may be necessary and appropriate.


Dated: September 27, 2017  /s/ Matthew M. Scheff
**MATTHEW M. SCHEFF (0082229)**
Trial Attorney

United States Department of Labor
Office of the Solicitor
1240 East Ninth St., Room 881
Cleveland, OH  44199
(216) 522-3878
(216) 522-7172 (Fax)
scheff.matthew@dol.gov

OF COUNSEL:

NICHOLAS C. GEALE
Acting Solicitor of Labor

CHRISTINE Z. HERI
Regional Solicitor

BENJAMIN T. CHINNI
Associate Regional Solicitor

MAUREEN M. CAFFERKEY
Counsel for Wage Hour

## **EXHIBIT A**

1. Bermejo, Leticia (November 5, 2016 to December 3, 2016)

2. Boise, Tiffany (November 7, 2015 to January 2, 2016)

3. Dollarhide, Jillian (July 2, 2016 to August 13, 2016)

4. Dumond, Amy (October 10, 2015 to November 7, 2015)

5. Greenlee, Tracy (April 23, 2016 to December 17, 2016)

6. Johnson, Howard (September 10, 2016 to October 22, 2016)

7. Jones, George (August 27, 2016 to December 3, 2016)

8. Mcgranahan, April (May 21, 2016 to July 30, 2016)

9. Morris, Zacharty (January 31, 2015 to June 18, 2016)

10. Navarre-Pozniak, Brittany (February 28, 2015 to May 7, 2016)

11. Reditt, Joshua (July 2, 2016 to August 27, 2016)

12. Smith, Justine (February 13, 2016 to March 12, 2016)

13. Schultz, Shannon (January 17, 2015 to January 16, 2016)

14. Thomas, Gary (May 7, 2016 to July 30, 2016)